**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 190706-U

Order filed July 22, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| *In re* T.F., A.H., and N.H., | ) | Appeal from the Circuit Court |
| | ) | of the 10th Judicial Circuit, |
| Minors | ) | Peoria County, Illinois, |
| | ) | |
| | ) | Appeal Nos. 3-19-0706 |
| (The People of the State of Illinois, | ) | 3-19-0707 |
| | ) | 3-19-0708 |
| Petitioner-Appellee, | ) | Circuit Nos. 19-JA-240 |
| | ) | 19-JA-241 |
| v. | ) | 19-JA-242 |
| | ) | |
| Shannon F., | ) | Honorable |
| | ) | David A. Brown, |
| Respondent-Appellant). | ) | Judge, Presiding. |

_____

JUSTICE HOLDRIDGE delivered the judgment of the court.
Presiding Justice Lytton and Justice Wright concurred in the judgment.

_____

**ORDER**

¶ 1   *Held*: The circuit court's finding that the minors were neglected was not against the manifest weight of the evidence.

¶ 2   The respondent, Shannon F., appeals the trial court's order finding her minor children, T.F., A.H., and N.H., neglected and adjudicating them wards of the court.

¶ 3                                   I. BACKGROUND

¶ 4        In August 2019, the State filed a petition alleging that the minors were neglected in that their environment was injurious to their welfare (705 ILCS 405/2-3(1)(b) (West 2018)). The petition stated that: (1) there had been domestic violence between the respondent and the minors' father in April 2019 when the minors' father struck the respondent on the face and knocked her to the ground when the minors were present and in December 2015 when the minors' father punched her on the face causing a swollen eye; (2) a January 2014 juvenile case involving T.F. was "adjudicated in part due to domestic violence with a paramour and [the respondent's] mental health problems;" (3) the respondent was previously indicated by the Department of Children and Family Services (DCFS) in January 2014 for substantial risk of physical injury/injurious environment and environmental neglect, in June 2014 for substantial risk of physical injury/injurious environment, and in July 2017 for inadequate supervision; and (4) the minors' father was previously indicated by DCFS in December 2015 for substantial risk of physical injury/injurious environment and in July 2017 for inadequate supervision.

¶ 5        In September 2019, the respondent filed her answer, which provided:

> "Respondent stipulates that the State would call witnesses at Adjudication who would support the allegations contained in *** All Counts of the Petition but she denies an injurious environment as the mother and father broke up after the incident and the father did not have any visitation after the incident and prior to the date the Juvenile Petition was filed almost 3 ½ months later. All other allegations occurred prior to the prior case being closed and the parents being named co-guardians."

¶ 6        In October 2019, the circuit court held a hearing on the neglect petition. The State submitted that Peoria Police Officer Brett Lawrence would testify that, on April 24, 2019, at around

11:30 a.m., he was sent to a residence where he spoke with the respondent. The respondent told Lawrence that the minors' father did not live with her anymore, but that he went to her residence that day to watch the minors while she went to a job interview. The respondent stated that she and the minors' father began to argue because he believed that she was going to see someone else rather than go to a job interview. The minors' father then blocked the doorway as she attempted to leave and struck her on the right side of her face while A.H. and N.H. were present.

¶ 7    The State provided that it would also present (1) a certified copy of a domestic battery conviction the minors' father received for striking the respondent in April 2019; (2) a certified copy of an order of protection from December 2015 where the respondent alleged that the minors' father punched her in the face and she ended up with a swollen eye; (3) a certified copy of a prior juvenile case initiated in January 2014 where (a) it was alleged that the respondent had mental health problems, expressed suicidal gestures in the past, and had been diagnosed with explosive disorder, reactive attachment disorder, and mixed anxiety-depressive disorder, (b) it was alleged that the minors' father had mental health problems and there was domestic violence between him and the respondent, and (c) T.F. was placed in shelter care in January 2014 and the case remained open until August 2016 when the case was closed and T.F. was returned to the respondent; (4) two indicated DCFS reports as to the respondent from January 2014 (substantial risk of physical injury/injurious environment and environmental neglect) and June 2014 (substantial risk of physical injury/injurious environment); and (5) two indicated DCFS reports as to the minors' father from December 2015 (substantial risk of physical injury/injurious environment) and July 2017 (inadequate supervision). The respondent did not object to the State's proffer.

¶ 8    The respondent asked the circuit court to take judicial notice of a plenary order of protection granted to her against the minors' father in May 2019. She also asked the court to take

3

judicial notice of a permanency review order that resulted in the closing of the 2014 juvenile case involving T.F. The court took judicial notice of both orders without objection. The respondent then asked the court to dismiss the neglect petition. She argued that the domestic violence incident occurred in April 2019, she obtained an order of protection in May 2019, and there were no other incidents alleged between the granting of the order of protection and the State's filing of the neglect petition in August 2019. She also argued that the issues were resolved and the minors' father was no longer a threat to the family. Last, she noted that the other allegations were from the 2014 juvenile case, which ended with her receiving guardianship over T.F.

¶ 9        The guardian *ad litem* (GAL) asked the circuit court to find the allegations in the petition to be proven given the long-standing domestic violence concerns. The GAL noted that, even though an order of protection was entered, that did not alleviate the concerns.

¶ 10        The circuit court found that the State's proffer provided a sufficient factual basis for the respondent's stipulation in her answer and proved the material allegations in the neglect petition by a preponderance of the evidence. The court further found that the allegations amounted to an environment injurious to the minors' welfare on the date the petition was filed. The court explained that obtaining an order of protection did not eliminate the risk of harm to the minors created by the injurious environment and that the order of protection was not a cure-all for the things that ail families. The court adjudicated the minors neglected.

¶ 11        The circuit court then proceeded to the dispositional hearing where it adjudicated the minors wards of the court and found the respondent unfit. The respondent appeals.

¶ 12                                II. ANALYSIS

¶ 13        The respondent's sole argument on appeal is that the circuit court's finding of neglect was against the manifest weight of the evidence.

4

¶ 14        The Juvenile Court Act of 1987 (Act) (705 ILCS 405/1-1 *et seq.* (West 2018)) provides a step-by-step process for deciding whether a minor should be removed from his or her parents and parental rights should be terminated. *In re Arthur H.*, 212 Ill. 2d 441, 462 (2004). After a petition for wardship has been filed and the minor has been placed in temporary custody, the circuit court must decide whether a child is abused, neglected, or dependent before it conducts an adjudication of wardship. *Id.*; 705 ILCS 405/2-21(1), (2) (West 2018).

¶ 15        In this case, the minors were adjudicated neglected in that their environment was injurious to their welfare (705 ILCS 405/2-3(1)(b) (West 2018)). "Neglect" is generally defined as failure to exercise the care that the circumstances justly demand. *Arthur H.*, 212 Ill. 2d at 463. However, it is not limited to such a narrow definition, and rather, has a fluid meaning. *Id.* Similarly, "injurious environment" has been recognized as an amorphous concept, but has been interpreted to include the breach of a parent's duty to ensure the minors have a safe and nurturing shelter. *Id.*; see 705 ILCS 405/2-3(1)(a) (West 2018). We note that cases adjudicating wardship based on allegations of neglect "are *sui generis*, and must be decided on the basis of their unique circumstances." *Arthur H.*, 212 Ill. 2d at 463. It is the State's burden to prove allegations of neglect by a preponderance of the evidence. *In re A.P.*, 2012 IL 113875, ¶ 17. Our supreme court has explained that this means the State must establish that the allegations of neglect "are more probably true than not." *Id.*

¶ 16        A circuit court's ruling of neglect will not be reversed on review unless it is against the manifest weight of the evidence. *Arthur H.*, 212 Ill. 2d at 464. The circuit court is afforded broad discretion, and we will not disturb its determinations unless they are against the manifest weight of the evidence. *Id.* A finding is against the manifest weight of the evidence where the opposite conclusion is clearly apparent or the determination is unreasonable, arbitrary, or not based on the evidence presented. *In re D.F.*, 201 Ill. 2d 476, 498 (2002). We give deference to the circuit court's

5

findings of fact as it is in the best position to observe the conduct and demeanor of the parties and witnesses, assess their credibility, and weigh the evidence presented. *In re Sharena H.*, 366 Ill. App. 3d 405, 415 (2006). "Further, due to the delicacy and difficulty of child custody cases, it is well settled that wide discretion is vested in the [circuit court] to an even greater degree than any ordinary appeal to which the familiar manifest weight principle is applied." (Internal quotation marks omitted.) *In re R.S.*, 382 Ill. App. 3d 453, 459-60 (2008).

¶ 17       Here, the respondent adopts the same argument she made before the circuit court: (1) no incidents occurred after the order of protection was granted in May 2019, (2) the domestic violence issues had been resolved and the minors' father was no longer a threat to the family, and (3) the 2014 juvenile case involving T.F. was closed and she was named guardian. Thus, she concludes that the minors were not living in an environment injurious to their welfare in August 2019 when the neglect petition was filed in this case.

¶ 18       The record shows that the circuit court thoroughly considered the evidence in support of its adjudicatory finding of neglect. The court noted that obtaining an order of protection did not eliminate the harm to the minors created by the injurious environment and that such orders were not cure-alls for the things that ail families. We agree. The history between the respondent and the minors' father showed a pattern of domestic violence, which at times occurred when the minors were present. Though there were no reported incidents of domestic violence after the April 2019 incident, and the respondent contended that the domestic violence issue was resolved, the history of domestic violence cannot be ignored: the 2014 juvenile case that was initiated in part due to domestic violence, the 2015 order of protection where the respondent testified that the minors' father punched her on the face causing a swollen eye, and the April 2019 incident where the minors' father struck the respondent on the face and knocked her to the ground when the minors

6

were present. This demonstrated pattern of domestic violence raises serious concerns over the minors' well-being while in the respondent's care and is a breach of the respondent's duty to provide the minors with a safe and nurturing shelter. See *Arthur H.*, 212 Ill. 2d at 463. Thus, we cannot say that the court's finding of neglect was unreasonable, arbitrary, or not based on the evidence. See *D.F.*, 201 Ill. 2d at 498.

¶ 19                                    III. CONCLUSION

¶ 20        The judgment of the circuit court of Peoria County is affirmed.

¶ 21        Affirmed.